In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00278-CR
_____

MARTINE MUNOZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 253rd District Court
Liberty County, Texas
Trial Cause No. 21DC-CR-00362

MEMORANDUM OPINION

A grand jury indicted Appellant Martine Munoz for sexual assault of a child. *See* Tex. Penal Code Ann. § 22.011(a)(2). Munoz pleaded "not guilty," and was represented by counsel. The jury found Munoz guilty of the offense as charged in the indictment. Munoz pleaded "true" to the enhancement paragraph of the indictment, and the jury sentenced him to sixty years imprisonment and a fine of $10,000. We affirm the trial court's judgment.

1

Munoz's appellate counsel filed an *Anders* brief presenting counsel's professional evaluation of the record and concludes that the appeal is frivolous; he also filed a motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On January 21, 2025, after Munoz's counsel filed his brief, we granted an extension of time for Munoz to file a pro se brief, and Munoz filed a pro se brief.

The Court of Criminal Appeals has held that when a court of appeals receives an *Anders* brief and a later-filed pro se response, we need not address the merits of the issues raised in an *Anders* brief or a pro se response. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Rather, an appellate court may determine: (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;]" or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* (citations omitted).

Upon receiving an *Anders* brief, a court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record, counsel's brief, and Munoz's pro se brief, and we have found no reversible error, and we conclude the appeal is wholly frivolous. *See Bledsoe*, 178 S.W.3d at 827–28. Therefore, we find it unnecessary to order appointment of new counsel to

re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

W. SCOTT GOLEMON
Chief Justice

Submitted on July 14, 2025
Opinion Delivered August 5, 2026
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.

---

[1]Munoz may challenge our decision by filing a petition for discretionary review. *See* Tex. R. App. P. 68.